UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MONTREZ L. MAYBERRY,<br><br>                    Plaintiff,<br><br>vs.<br><br>NEZ PERCE COUNTY ADULT<br>DETENTION CENTER,<br><br>                    Defendants. | Case No. 1:24-cv-00370-BLW<br><br><br>**INITIAL REVIEW ORDER BY<br>SCREENING JUDGE** |

The Complaint of Plaintiff Montrez Mayberry was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. Dkts. 3, 1. A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. After reviewing the Complaint, the Court has determined that Plaintiff cannot proceed on his claims.

## REVIEW OF COMPLAINT

### 1. Factual Allegations

Plaintiff alleges that, during the time frame from April 10, 2024, through April 18, 2024, while housed at the Nez Perce Detention Center, he did not have access to the law library or his mail. He also could not call his criminal defense lawyer from the detention center. He further asserts that, on June 23, 2024, he was told by a staff member that some of his legal mail had been misplaced for about a month and a half—it was sent on May 3

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

and received by the detention center on May 9, but it was placed in the wrong box. Plaintiff sues the Nez Perce County Detention Center for these alleged violations. He now resides in a state prison.

## 2. Standard of Law for Screening

Under modern pleading standards, Federal Rule of Civil Procedure 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal*/*Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*., citing *Twombly*, 550 U.S. at 556. A plaintiff must provide sufficient factual allegations to show that there is "more than a sheer possibility that a defendant has acted unlawfully." *Ibid*. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Ibid*.

In addition, the Prison Litigation Reform Act (PLRA)[1] requires the Court to screen all pro se prisoner and pauper complaints to determine whether they have stated a claim upon which relief can be granted before such complaints are served on the defendants. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The Court liberally construes a plaintiff's pleadings to determine whether the case should be dismissed for lack of a cognizable legal theory or a failure to plead sufficient facts to support a cognizable legal theory, under the *Iqbal/Twombly* standard. Rule 12(b)(6) authority to dismiss claims as explained in *Jackson* was expanded by the PLRA, giving courts power to dismiss deficient claims sua sponte, either before or after opportunity to amend as explained in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Section 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the Amendments of the United States Constitution.

### 3. Discussion

#### A. *First Amendment Mail Claim*

Prisoners enjoy a First Amendment right to send and receive mail. *See Thornburgh v. Abbott*, 490 U.S. 401 (1989). A prison may adopt regulations or practices that impinge on a prisoner's First Amendment rights as long as the regulations are "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89

(1987). The *Turner* standard applies to regulations and practices concerning incoming mail received by prisoners from non-prisoners. *Thornburgh*, 490 U.S. at 413.

Allegations that mail delivery was delayed for an unreasonable length of time are sufficient to state a claim for violation of the First Amendment. *Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996). A temporary delay in the delivery of mail resulting from a prison's security inspection does not violate a prisoner's First Amendment rights. *Crofton v. Roe*, 170 F.3d 957, 961 (9th Cir. 1999). To proceed under § 1983, Plaintiff must include allegations that his mail was withheld recklessly or deliberately. Negligence is not actionable under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986).

Here, Plaintiff alleges that his mail was delayed because of what appears to be a jail mistake, and that he suffered an unexplained consequence from the delay. He will be given leave to assert additional facts to support his claim.

### B. *First Amendment Access to Courts Claim*

Plaintiff's claim also can be construed as a denial of access to the courts. Under the First Amendment, prisoners have a right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). The right is limited to the filing of direct criminal appeals, habeas petitions, and civil rights actions. *Id*. at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412–15 (2002).

To state an access to courts claim when a prisoner claims that he suffered the loss of a claim that cannot now be brought, a prisoner must allege facts supporting three

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

elements: (1) official acts that frustrated the inmate's litigation; (2) loss of a "nonfrivolous" or "arguable" underlying claim that is set forth in the Complaint, including the level of detail necessary "as if it were being independently pursued"; and (3) specific allegations showing that remedy sought in the access to courts claim is not otherwise available in a suit that otherwise could be brought. *Id*. at 415-17. For example, Plaintiff must show that he requested extensions of time or other remedies from the state criminal courts if the late receipt of his mail affected his state criminal cases. He will be given leave to provide more facts.

### C. *Entity Defendant*

If Plaintiff desires to sue a county entity, like the Nez Perce County Adult Detention Center, he must provide additional facts. A county may be considered a "person" that can be sued under § 1983 only if the claim alleges that a government policy or custom inflicted the injury of which a plaintiff complains. *Monell v. Dept. of Soc. Serv. of New York*, 436 U.S. 658, 694 (1978). To proceed, the plaintiff must state facts in the complaint alleging the following: (1) the plaintiff was deprived of a constitutional right; (2) the county had a policy or custom; (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001) (internal citations and punctuation omitted)).

A plaintiff may also establish liability by demonstrating that the alleged constitutional violation was caused by the county's failure to train its employees

adequately. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388-91 (1989); *Bd. of County Comm's v. Brown*, 520 U.S. 397, 409-10 (1997) (discussing limited scope of such a claim). To proceed on such a claim, the plaintiff must state facts in the complaint alleging the following: (1) the training program must be inadequate "in relation to the tasks the particular officers must perform"; (2) the officials must have been deliberately indifferent "to the rights of persons with whom the [officials] come into contact"; and (3) the inadequacy of the training "must be shown to have 'actually caused' the constitutional deprivation at issue." *Merritt v. County of Los Angeles*, 875 F.2d 765, 770 (9th Cir. 1989) (internal citations and punctuation omitted).

If Plaintiff does not have facts supporting a policy or custom, he should not include entities as defendants in any amended complaint, but should name the personnel involved in the alleged constitutional deprivations. If Plaintiff is permitted to proceed against the personnel, then he can file another amendment after the discovery period if he finds sufficient facts to show a county policy or custom caused the personnel to act as they did.

### 4. Conclusion

Plaintiff may not proceed on any of his claims. He may file an amended complaint to state additional facts to support his claims and to name proper defendants.

### 5. Request for Appointment of Counsel

Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dept. of*

*Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1330-31 (9th Cir. 1986); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Plaintiff's primary task in this case is to bring forward *facts* supporting the claims; it is not necessary to provide legal argument or citations. This Order specifies the elements of the causes of action. Each element needs factual support. Plaintiff can provide factual support without the help of an attorney.

The Court will presently deny the motion for appointment of counsel without prejudice, but it will consider appointment *sua sponte* (on its own motion) throughout the case, without the need for Plaintiff to file another motion.

## ORDER

**IT IS ORDERED:**

1. If Plaintiff desires to proceed, he must submit an amended complaint, consistent with the guidelines set forth above, **within 30 days** after entry of this Order. Failure to do so will result in dismissal of this action for failure to state a claim upon which relief can be granted, without further notice to Plaintiff.

2. Plaintiff's request for appointment of counsel (contained in the Complaint) is DENIED without prejudice. When the Court has additional evidence before it regarding the claims, it will revisit this request without the need for Plaintiff to file another request.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 7**

DATED: February 3, 2025



B. Lynn Winmill
U.S. District Court Judge